IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv255

| | |
|---|---|
| AMY LYNN MCCLELLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for supplemental security income. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 12 & # 14]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** the Plaintiff's Motion for Summary Judgment [# 12], and **AFFIRM** the Commissioner's decision.

### I. Procedural History

Plaintiff filed an application for supplemental security income on April 13, 2009. (Transcript of Administrative Record ("T.") 125.) Plaintiff alleged an onset

date of July 15, 2001.  (T. 125.)  The Social Security Administration denied Plaintiff's claim.  (T. 70-73.)  Plaintiff requested reconsideration of the decision, which was also denied.  (T. 82-83.)   A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 36-65.)  At the hearing, Plaintiff's attorney amended the alleged onset date to March 30, 2009.  (T. 36-37.)  The ALJ then issued a decision finding that Plaintiff was not disabled during the relevant time period.  (T. 19-29.)  Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council  (T. 1-3).  Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether  a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his September 29, 2010, decision the ALJ found that Plaintiff was not disabled under Section 1614(a)(3)(A) the Social Security Act. (T. 29.) The ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since March 30, 2009, the application date (20 CFR 416.971 *et seq.*).

(2) The claimant has the following severe impairments: scoliosis status post rod placement, asthma, depression and an anxiety disorder (20 CFR 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of light work as defined in 20 CFR 416.967(b). She is limited to no more than occasional postural activities and she should avoid concentrated exposure to fumes and avoid hazardous conditions. She is limited to simple, routine, repetitive tasks and she is limited in her social interaction as she is better with "things" than with people.

(5) The claimant is unable to perform any past relevant work (20 CFR 416.965).

(6) The claimant was born on September 19, 1979 and was 29 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

(7) The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

(8) Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the nation economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

(10) The claimant has not been under a disability, as defined in the Social Security Act, since March 30, 2009, the date the application was filed (20 CFR 416.920(g)).

(T. 21-29.)

### IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in

federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis[1]

### A. Counsel for Plaintiff has failed to Comply with the Prior Orders of this Court

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Plaintiff contends that the ALJ erred in failing to assign any weight to the opinion of Dr. Joseph Lanier, a psychologist who examined Plaintiff at her attorney's request in connection with the filing of her claim for disability benefits.[2] This Court has previously warned counsel for Plaintiff to include citations to relevant legal authority in support of each separate enumeration of error.  See e.g. Stines v. Colvin, Civil No. 1:12-CV-00121-MR-DLH, 2013 WL 4442032 (W.D.N.C. Aug. 16, 2013) (Howell, Mag. J.); Powell v. Colvin, Civil No. 1:12-cv-00369-MR-DLH, 2013 WL 4442035 (W.D.N.C. Aug. 16, 2013) (Howell, Mag. J.); Pascoe v. Astrue, No. 1:11cv226, 2012 WL 3528054, at *3 n.2 (W.D.N.C. Jul. 23, 2012) (Howell, Mag. J.); Chandler v. Astrue, No. 1:11cv229, 2012 WL 5336216, at *3 (W.D.N.C. Oct. 2, 2012) (Howell, Mag. J.).  In fact, the Court recently sanctioned counsel pursuant to Rule 11 for his failure to comply with Court's prior Orders.  Here, Plaintiff includes a single citation in support of her argument that the ALJ erred in weighing the medical opinion of Dr. Lanier, Bird v. Comm'n Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012).  Bird, however, has no bearing on the legal issue before the Court.

In Bird, the Fourth Circuit addressed whether the ALJ erred in failing to consider medical evidence that was created after the date last insured and in failing

---

2  To the extent that Plaintiff attempts to weave various other legal arguments and alleged errors by the ALJ into this assignment of error, the Court has disregarded any such arguments because the Court has repeatedly instructed counsel for Plaintiff that each assignment of error must be separately set forth in his brief.

to assign more weight to the disability determination of the Department of Veterans Affairs ("VA"). Id. Upon consideration of the medical evidence at issue, the Fourth Circuit held that the ALJ erred as a matter of law by failing to give retrospective consideration to medical evidence regarding the plaintiff's Post Traumatic Stress Disorder that was created after the date last insured, in part, because this evidence related to his symptoms and impairments prior to his date of last insured.³ Id. at 340-42. "Thus, we conclude that the evidence in the record provided a sufficient linkage reflective of a possible earlier and progressive degeneration, requiring that the ALJ give retrospective consideration to the psychological evidence summarized in the VA rating decision and the Cole Report." Id. at 342 (internal citation and quotation omitted). None of the issues present in Bird are currently before the Court, and as the Commissioner correctly points out, Bird does not stand for the legal proposition Plaintiff suggest. In fact, Judge Reidinger recently rejected a similar argument by counsel regarding the scope of the Fourth Circuit's holding in Bird. See Moody v. Astrue, Civil No. 1:12cv33, 2013 WL 489021, at *2 n.1 (W.D.N.C. Feb. 7, 2013) (Reidinger, J.). Because counsel has failed to provide the Court with any relevant legal authority in support of her first assignment of error, the Court disregards Plaintiff's argument.

---

3 The Fourth Circuit also held that the ALJ erred by not according substantial weight to the VA disability determination, Bird, 699 F.3d at 345, but there is no such determination by the VA in the record.

Even if this Court were to consider the merits of this argument, however, the Court would still recommend that the District Court deny Plaintiff's motion. As a threshold matter, Plaintiff's contention that the opinion of Dr. Lanier was consistent with the consultative examination report of John Bevis, M.A. and Michael Feore, Ph.D. is not supported by the record. The level of impairment found by Dr. Lanier was more restrictive than that found in the Bevic-Fiore report. (compare T. 424-53, with T. 355-59.) The opinion was also inconsistent with some of the opinions of the State agency psychologist. (T. 415.) It is up to the ALJ, not this Court, to weigh conflicting consultative opinions, determine which opinion is more consistent with the evidence in the record, and assign those opinions the appropriate weight in reaching his or her decision. See Johnson, 434 F.3d at 653; Hays, 907 F.2d at 1456. Here, the ALJ properly considered and weighed the opinion evidence in the record and reached the conclusion that the opinion of Dr. Lanier was not entitled to any weight because the opinion was inconsistent with the medical evidence in the record. (T. 27.) Upon a review of the evidence in the record and the decision of the ALJ, the Court finds that substantial evidence supports the mental RFC determination of the ALJ. Moreover, the ALJ did not err in determining that the opinion of Dr. Lanier was not entitled to any weight.

## B. The ALJ did not Err in Evaluating Plaintiff's Subjective Complaints of Pain

Plaintiff contends that the ALJ failed to properly consider the Plaintiff's statements regarding her pain. As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that the impairment could reasonably be expected to produce the symptoms of pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact

his or her ability to work.  20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604.  This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms.  20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

In contrast to Plaintiff's contention to the contrary, the ALJ applied this two step process in assessing her statements regarding her symptoms. (T. 23-27.) The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 26.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 26.) The ALJ provided detailed and specific reasons for why he found Plaintiff's testimony not fully credible. (T. 23-27.) For example, the ALJ found that Plaintiff's

allegations of pain were inconsistent with the objective medical evidence in the record, Plaintiff's daily activities, and Plaintiff's course of treatment. (T. 22, 23-24, 26.) In addition, the ALJ gave great weight to the State agency physician who opined that Plaintiff could meet the demands of light work with some additional limitations. (T. 27.)

Although Plaintiff may disagree with the result that the ALJ reached based on the application of this two-step process, the record is clear that the ALJ applied the correct legal standard in assessing Plaintiff's credibility, and it is not the role of this Court to re-weigh the evidence and determine whether Plaintiff's testimony is credible. See Craig, 76 F.3d at 589. Plaintiff's contention that the ALJ failed to apply the proper legal standard in assessing her subjective complaints of pain is meritless and flatly contradicted by the record. Finally, upon a review of the evidence in record and the transcript of the hearing, the Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record. Accordingly, the Court finds that Plaintiff's contention that the ALJ erred in evaluating the frequency and severity of Plaintiff's symptoms is without merit.

**VI. Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the

Commissioner's Motion for Summary Judgment [# 14], **DENY** the Plaintiff's Motion for Summary Judgment [# 12], and **AFFIRM** the Commissioner's decision.

Signed: October 8, 2013

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).